SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK.
-----------------------------------------------------------X

EDWARD J. GROSSMAN, on behalf of himself
and all others similarly situated,

                         Plaintiff,

-against-

PAUL MICHAEL MARKETING SERVICE, INC
D/B/A PAUL MICHAEL ASSOCIATES, and
"JOHN DOE" and "JANE DOE", numbers 1
through 25 said names being fictitious and intended
to designate the debt collectors whose conduct is
complained of herein,

                         Defendants,
-----------------------------------------------------------X

Docket No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2012 ★
LONG ISLAND OFFICE

**COMPLAINT**
**JURY TRIAL DEMANDED**

**WEXLER, J.**

**LINDSAY, M**

## PRELIMINARY STATEMENT

1. Plaintiff, Edward J. Grossman, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendant, Paul Michael Marketing Service, Inc d/b/a Paul Michael Associates, (hereinafter "PAUL MICHAEL"), who, *inter alia,* used illegal practices in its attempt to collect alleged debts from Plaintiff and others. Plaintiff alleges that the Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. (hereinafter "FDCPA"). Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, punitive damages, costs, attorney's fees and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## PARTIES

2. Plaintiff, EDWARD J. GROSSMAN, is a natural person, who resides in the State of New York, County of Suffolk. He is a "consumer" as defined by §1692(a)(3) of the FDCPA.

3. Defendant PAUL MICHAEL MARKETING SERVICE, INC. is, upon information and belief, a domestic corporation in the State of New York and which maintains a place of business located at 186-09 Union Turnpike Flushing, NY 11366. The Defendant is a debt collector operating under New York City Consumers Affairs License # 0894190. PAUL MICHAEL is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THOUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. Plaintiff is informed and believes, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PAUL MICHAEL that are subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PAUL MICHAEL and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. §1692(k)(d) and 28 U.S.C. §1331.

7. Declaratory relief is available pursuant to 28 U.S.C. § 2201, 2202.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims of Plaintiffs occurred within this Federal Judicial District, and because Plaintiffs reside herein at the time this action is commenced.

9. Pendant jurisdiction exists pursuant to 28 U.S.C. §1337.

## RELEVANT STATUTORY SCHEME

10. Fair Debt Collection Practices Act, 15 U.S.C. §1692(d) ("FDCPA") regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

11. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

12. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692(d), provides that a debt collector may not continue to communicate with a debtor

after having been notified to cease and desist from such communication, 15 U.S.C. §1692(d).

## FACTUAL ALLEGATIONS

13. On August 13, 2011, Plaintiff received a letter, by mail, from Defendant. See Exhibit "A."

14. The August 13, 2011 letter is a "communication" as defined by 15 U.S.C. §1692(a)(2).

15. The letter stated that Defendant represented a creditor who had turned over the account for collection.

16. The letter stated "This letter is an attempt by a debt collector, to collect a debt; any information obtained will be used for that purpose."

17. On August 15, 2011, Plaintiff sent a letter to Defendant demanding that Defendant no longer contact him. See Exhibit "B."

18. On September 29, 2011, Defendant once again contacted Plaintiff by mail, requesting payment. See Exhibit "C."

19. The September 29, 2011 letter is a "communication" as defined by 15 U.S.C. §1692(a)(2).

## CLASS ALLEGATIONS

20. This action is brought as a class action. Plaintiff bring this action on behalf of himselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21. This claim is brought on behalf of a Plaintiff Class, consisting of: (a) all persons; (b) residing in the City of New York, Nassau, Suffolk and Westchester counties, (c) for whom Defendants failed to act accordingly in response to cease and desist letters received by debtors and harassing debtors in violation the FDCPA.

22. The identities of all class members are readily ascertainable from the records of PAUL MICHAEL and those companies on whose behalf it attempted to collect debts.

23. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

24. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is: whether the Defendant's practice of ignoring cease and desist letters and harassing debtors similarly violate the FDCPA.

25. Plaintiff's claims are typical of these class members, as all are based upon the same facts and legal theories.

26. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

27. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity**: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's conduct violate 15 U.S.C. §1692(d).

(c) **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(d) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and with unnecessary duplication of effort and expense that individual actions would engender.

6

28. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for PAUL MICHAEL, which, on information and belief, collects debts throughout the United States of America.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination continuing to communicate with Plaintiffs violated 15 U.S.C. §§ 1692(d). is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class actions is superior to other available methods for the fair and efficient adjudication of the controversy.

## LEGAL ALLEGATIONS

### First Cause of Action

31. Plaintiff incorporates paragraph one through thirty.

32. By continuing to contact Plaintiff after having been notified to cease and desist from such communication, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692(d).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief;

(A) A jury trial;

(B) Statutory damages, for each violation in the amount of $1,000.00 (One Thousand Dollars) pursuant to 15 U.S.C.§ 1692(k);

(C) Actual damages;

(D) Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. §1692(k);

(E) Any other form of relief that this court deems just and proper.


DATED: Fresh Meadows, New York
       September 7, 2012

                                                          Brian Miller
                                                          Attorney for Plaintiff
                                                          77-42 164th Street
                                                          Fresh Meadows, NY 11366
                                                          (718) 544-3333


To:    Paul Michael Marketing Service, Inc
        d/b/a Paul Michael Associates
        186-09 Union Turnpike
        Flushing, NY 11366

**Exhibit A**

**PAUL MICHAEL ASSOCIATES**
186-09 Union Turnpike
Flushing, NY 11366
(718)740-1401
New York City Consumer Affairs License #0894190

August 10, 2011

Edward Grossman           5961347           Patient Name: Grossman, Edward
135 W Main St                                RE: Sunrise Medical Labs
Smithtown, NY 11787-2621                     **BALANCE DUE      : $617.17**
                                             ACCOUNT NUMBER : Bf181130

Please be advised that this office represents the above creditor who has turned over your account in the amount indicated above for collection. This amount is outstanding and past due.

Unless you notify our office within thirty (30) days after receipt of this letter that you are disputing the validity of the debt, or any portion of it, we will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is an attempt by a debt collector, to collect a debt; any information obtained will be used for that purpose.

Very truly yours,

Bob Stone

**SUBSCRIBER TO EXPERIAN, TRANS-UNION AND EQUIFAX**

In order to credit your account properly, you must return this bottom portion with your payment.
**Please forward your check or money order made payable to PAUL MICHAEL ASSOCIATES.**
**Please send ALL payments directly to PAUL MICHAEL ASSOCIATES.**

186-09 Union Turnpike                        RE: Sunrise Medical Labs
Flushing, NY 11366                           **Total Due : $617.17**
Return Service Requested                     Acct #: Bf181130
                                             ☐ Visa  ☐ MC  ☐ AmEx  ☐ Disc  Security Code: _____
                                             Card #: __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
                                             Exp Date: ___/___/___  Pmt Amt: $_____
                                             Print Name on card: _____
                                             Signature: _____

PERSONAL & CONFIDENTIAL
Edward Grossman           5961347
135 W Main St                                PAUL MICHAEL ASSOCIATES
Smithtown, NY 11787-2621                     186-09 Union Turnpike
                                             Flushing, NY 11366-1733

PM1 000301P 1 699 000269 222 065600 Z-CRE    August 10, 2011 | PM1

_____
**Exhibit B**

Edward Grossman
135 W. Main Street
Smithtown NY 11787
631-265-5864

August 15, 2011

PAUL MICHAEL Associates
186-09 Union Turnpike
Flushing NY 11366

RE: Sunrise Medical Labs
    Acct. BP181130

Gentlemen:

I do not owe you the monies you are claiming. Please do not contact me again.

Sincerely,

Ed

U.S. POSTAGE
PAID
KINGS PARK, NY
11754
AUG 20, 11
AMOUNT
$1.15
00067543-08

1000

**Certificate Of Mailing**

UNITED STATES POSTAL SERVICE

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: EDWARD T GROSSMAN
135 West Main St
Smithtown, N.Y. 11787

To: Paul Michaels Associates
186-09 Union Turnpike
Flushing, N.Y. 11366

PS Form 3817, April 2007 PSN 7530-02-000-9065

**EXHIBIT C**

## PAUL MICHAEL ASSOCIATES
186-09 UNION TURNPIKE
FLUSHING, NY 11366
(718) 740-1401

SEPTEMBER 29, 2011

GROSSMAN, EDWARD
135 W MAIN ST
SMITHTOWN NY 11787-2621

RE: SUNRISE MEDICAL LABS
AND: GROSSMAN, EDWARD
AMOUNT: $   617.17
ACCOUNT NUMBER: 5961347

Dear EDWARD GROSSMAN

As requested, enclosed please find bill of 04-05-11

with our client SUNRISE MEDICAL LABS

in the amount of $   617.17

Please remit payment in the enclosed envelope so that no further

action will be necessary.

*Please check with the Doctor office.*

Very truly yours,

BY: *Christine Sangaroo*

5961347
PMBILCV